IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01965–EWN–BNB

LAWRENCE CHENG CHON SHAO,

    Plaintiff,

v.

DENVER TAXI, L.L.C., d/b/a DENVER YELLOW CAB,
PAUL LO, and
BRANDON JONES,

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This is a negligence case. Plaintiff Lawrence Shao alleges that Defendants Denver Taxi, L.L.C.'s ("Defendant Taxi"), Paul Lo's, and Brandon Jones's negligence led to a motor vehicle accident in which Plaintiff's wife was killed. This matter is before the court on "Plaintiff's

Renewed Motion for Summary Judgment," filed August 4, 2005.[1]  Jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332 (2006).

## FACTS

### *1.  Factual Background*

At all times relevant to the instant case, Defendant Lo worked as a driver for Defendant Taxi.  (Pl.'s First Am. Compl. for Damages and Jury Demand ¶ 13 [filed Nov. 19, 2004] [hereinafter "Am. Compl."].)  On or about July 2, 2004, Defendant Lo carried Plaintiff's wife, Jean Hsu Shao, as a passenger in a taxi that Defendant Taxi owned and operated.  (*Id.* ¶ 8.)  Defendants Lo and Jones were driving eastbound and westbound, respectively, on the same street.  (Pl.'s Renewed Mot. for Summ. J., Pl.'s Am. Opening Br. in Supp. of his Mot. for Summ. J., Ex. 1 at 62 [Lo Dep.], Ex. 7 at 56 [Jones Dep.] [filed Aug. 4, 2005] [hereinafter "Pl.'s Br."].)  After Defendant Lo attempted to make a left turn at an intersection, Defendant Lo's taxi and Defendant Jones's sports utility vehicle collided.  (Am. Compl. ¶ 10.)  Plaintiff's wife sustained fatal blunt-force injuries in the collision.  (*Id.* ¶ 12; *see also* Pl.'s Br., Statement of the Undisputed Material Facts ¶ 40; *admitted at* Resp. to Pl.'s Am. Mot. for Summ. J., Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 40 [filed Aug. 24, 2005] [hereinafter "Defs.' Resp."].)

---

[1] Six months before filing the motion for summary judgment presently before this court, Plaintiff obtained a default judgment against Defendant Jones for failure to defend. (Entry of Default [filed Feb. 28, 2005].)  Not surprisingly, Defendant Jones did not join in Defendants Lo's and Taxi's response or otherwise respond to Plaintiff's motion.  Accordingly, for the purposes of this Order, except where otherwise indicated, all references to "Defendants" signify Lo and Taxi, and not Jones.  Where necessary, I refer to the individual Defendants.

Prior to the collision, Defendant Lo looked for, but did not see, any approaching traffic and proceeded to make a left turn. (Pl.'s Br., Statement of the Undisputed Material Facts ¶ 1; *admitted at* Defs.' Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 1.) In writings he submitted to the police, Defendant Lo stated that he did not see any approaching westbound traffic and believed he could make the left turn safely.[2] (*Id*., Statement of the Undisputed Material Facts ¶¶6,7; *admitted at* Defs.' Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶¶ 6,7.) Defendant Lo was one car-length behind another vehicle that made the same turn, but experienced no collision with oncoming traffic. (*Id.*, Statement of the Undisputed Material Facts ¶¶ 8, 9; *admitted at* Defs.' Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶¶ 8, 9.)

Most of the remaining facts are highly disputed. While Defendant Lo was in the eastbound left turn lane preparing to make his turn, vehicles were stopped in the westbound left turn lane, waiting for eastbound traffic to clear. (Defs.' Resp., Statement of Additional Disputed Facts ¶ 6; *deemed admitted at* Pl.'s Reply Br. in Supp. of his Mot. for Summ. J., Statement of Additional Disputed Facts, Statement of Additional Disputed Facts ¶ 6 [filed Sep. 13, 2005] [hereinafter "Pl.'s Reply"].)[3] The parties dispute whether the vehicles in the westbound left turn lane obscured Defendant Lo's view of oncoming traffic. (Pl.'s Br., Statement of the Undisputed

---

[2]The parties dispute the characterization of the writings Defendant Lo submitted to the police. Plaintiff maintains that Defendant Lo gave a written statement about the accident to police. (Pl.'s Br., Statement of the Undisputed Material Facts ¶ 5.) Defendants maintain that Defendant Lo gave written answers to written questions provided by the police. (Defs.' Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 5.)

[3]Plaintiff disputes only the relevancy of this allegation. Accordingly, I deem it admitted.

Material Facts ¶ 3; *denied at* Defs.' Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 3.) Plaintiff emphasizes that Defendant Lo testified the oncoming traffic waiting in the turn lane did not obstruct his view of oncoming traffic in other lanes. (*Id*., Ex. 1 at 66 [Lo. Dep.].) Defendant Lo cites an expert report stating that the vehicles in the westbound left turn lane compromised Defendant Lo's line of vision to less than two hundred feet from the point of impact, less than half of what it would be in the vehicles' absence. (Defs.'s Resp., Ex. A at 1–2 [7/14/05 Hensen Report].) The parties dispute which driver — Defendant Lo or Defendant Jones — had the right-of-way before the collision. (Pl.'s Br., Statement of the Undisputed Material Facts ¶ 17; *disputed at* Defs.' Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 17.) The parties dispute whether Defendant Lo should have seen Defendant Jones's vehicle approaching, and further dispute Defendant Jones's speed and role in causing the collision. (*Id*., Statement of the Undisputed Material Facts ¶¶ 19–20; *disputed at* Defs.' Resp., Resp. to Pl.'s Statement of Undisputed Material Facts ¶¶ 19–20; *see also* Defs.' Resp., Statement of Additional Disputed Facts ¶¶ 2,10; *disputed at* Pl.'s Reply, Statement of Additional Disputed Facts ¶¶ 2,10.)

### *2. Procedural History*

On September 22, 2004, Plaintiff filed a complaint in this court asserting four claims against Defendants Lo and Taxi. (Compl. [filed Sept. 22, 2004].) On October 19, 2004, Defendants Lo and Taxi contemporaneously filed a joint answer to Plaintiff's complaint and a designation of a nonparty, indicating Defendant Jones. (Answer and Jury Demand [filed Oct. 19, 2004]; Defs., Fleet Car, LLC and Paul Lo's Nonparty Designation [filed Oct. 19, 2004].) On November 19, 2004, Plaintiff filed an amended complaint. (Am. Compl.) Plaintiff asserts five

claims: (1) negligence against Defendant Lo; (2) negligence *per se* against Defendant Lo; (3) vicarious liability against Defendant Taxi; (4) joint venture liability against Defendants Lo and Taxi; and (5) negligence against Defendant Jones. (*Id.*)

On November 30, 2004, Defendants Lo and Taxi filed an answer to Plaintiff's first amended complaint. (Denver Yellow Cab's and Paul Lo's Answer to Pl.'s First Am. Compl. and Jury Demand [filed Nov. 30, 2004].) Defendant Jones did not file an answer to Plaintiff's complaint. On February 24, 2005, Plaintiff filed a motion for default against Defendant Jones, citing his failure to respond. (Pl.'s Verified Mot. for Entry of Default Against Def. Brandon Jones [filed Feb. 24, 2005].) On February 28, 2005, the clerk of this court entered a default against Defendant Jones pursuant to Federal Rule of Civil Procedure 55(a) for failure to file a pleading or otherwise defend. (Entry of Default [filed Feb. 28, 2005].)

On July 7, 2005, Plaintiff filed a motion for summary judgment. (Pl.'s Mot. for Summ. J. [filed July 7, 2005].) On July 26, 2005, Defendants Lo and Taxi moved to strike Plaintiff's motion for failure to comply with my local rules. (Mot. to Strike Pl.'s Mot. for Summ. J. and Supporting Br. [filed July 26, 2005].) On July 27, 2005, I granted Defendants Lo and Taxi's motion and struck Plaintiff's initial motion for summary judgment. (Min. Order [filed July 27, 2005].)

On August 4, 2005, Plaintiff filed a renewed motion for summary judgment. (Pl.'s Br.) Despite its styling, Plaintiff's motion appears actually to be a motion for partial summary judgment. Plaintiff moves this court to find that: (1) Defendant Lo was negligent and negligent *per se*; and (2) Defendant Lo's negligence caused the motor vehicle accident and ensuing fatality.

(*Id.* at 13.)  Plaintiff expressly states that he does not seek any allocation of fault between Defendants Lo and Jones as drivers, and does not discuss his claims regarding Defendant Jones's negligence, Defendant Taxi's vicarious liability, and Defendant Taxi's liability as a joint venturer with Defendant Lo.  (*Id.*)  Rather, Plaintiff argues only that he is entitled to summary judgment on negligence and causation because Defendant Lo: (1) violated statutory and common law duties to "keep a look out," yield the right of way to approaching vehicles, and drive with due care; and (2) acted with negligence, which was a proximate cause of the collision and fatality.  (Pl.'s Br. at 8–11.)  On August 24, 2005, Defendants Lo and Taxi filed a response to Plaintiff's motion.  (Defs.' Resp.)  On September 13, 2005, Plaintiff filed a reply brief in support of his motion.[4]  (Pl.'s Reply.)  This matter is fully briefed.

## ANALYSIS

### 1.   *Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex*

---

[4]Plaintiff appears to have filed duplicate copies of his reply brief on September 13, 2005 and September 14, 2005.

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325).  A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).  The court views the factual record and makes reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

### *2.     Evaluation of Claims*

I struck Plaintiff's first motion for summary judgment for failure to follow my local rules.  (Min. Order [filed July 27, 2005].)  Evidently undeterred, Plaintiff fails to comply in his motion presently before this court.  I underscore that pursuant to my local rules, the "sole purpose" of the required statements of undisputed and disputed material facts is "to establish facts and determine which of them are in dispute.  Legal argument . . . should be reserved for separate portions of the brief."  (Practice Standards — Civil, Special Instructions Concerning Motions for Summary Judgment ¶ 7.)  Flouting my rules, Plaintiff makes legal arguments in his statements of facts and generally fails to make factual references in his legal arguments.

More specifically, in the legal argument sections of his opening and reply briefs combined, Plaintiff makes exactly one citation to the evidentiary record in this case.  Plaintiff cites the coroner's report regarding the autopsy performed on Jean Hsu Shao to support his contention

that the motor vehicle accident caused her death. (Pl.'s Br. at 12.)  Plaintiff wholly fails to support his arguments regarding the issues upon which he seeks summary judgment — Defendant Lo's negligence and the causation of the motor vehicle accident — with any evidence of record. (*Id*., *passim*; Pl.'s Reply, *passim*.)  This court is not tasked with combing through Plaintiff's submissions in order to connect Plaintiff's alleged facts with his arguments, and I decline the opportunity to do so at this juncture.

Consequently, Plaintiff's allegations that Defendant Lo was negligent because he: (1) "looked but failed to see what was in plain view," violating his duty under Colorado common law; (2) failed to yield the right of way to Defendant Jones's approaching vehicle, violating Colorado Revised Statutes section 42–4–702; and (3) drove carelessly, in violation of Colorado Revised Statutes section 42–4–1402 are all unsupported and conclusory. (*Id*. at 8–10.)  Plaintiff's allegation that Defendant Lo's negligence caused the collision and Plaintiff's wife's death is also unsubstantiated and equally problematic. (*Id.* at 10–11.)  It is long and well established that:

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56[c]).  Thus, Plaintiff's bare allegations, without any citations to the evidence of record, simply cannot serve to demonstrate the absence of a genuine issue of material fact.  Accordingly, Plaintiff is not entitled to summary judgment on his claim for Defendant Lo's negligence or on the issue of causation.

### *3.   Conclusions*

Based on the foregoing it is therefore ORDERED that:

1. Plaintiff's renewed motion for summary judgment (# 44) is DENIED.

2. The court will hold a Final Pretrial Conference commencing at 9:30 o'clock a.m. on Thursday, **April 27, 2006**, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd  These specific web addresses should be used to insure that the proper format is observed.

3. The motions hearing scheduled for April 13, 2006, is VACATED.

Dated this 12th day of April, 2006.

                                  BY THE COURT:

                                  s/ Edward W. Nottingham
                                  EDWARD W. NOTTINGHAM
                                  United States District Judge